IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALCHEMIST JET AIR, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. _____ |
| | ) |
| CENTURY JETS AVIATION, LLC, | ) FILED: SEPTEMBER 19, 2008 |
| 24TH CENTURY, INC., CHARLES SONSON | ) 08CV5386 |
| AND REGINA KELLY, | ) JUDGE KENDALL |
| | ) MAGISTRATE JUDGE KEYS |
| Defendants. | ) EDA |

## COMPLAINT

Now comes Plaintiff, Alchemist Jet Air, LLC, by and through its attorneys, Peter A. Gaido and Paul H. Scheuerlein, and for its Complaint against Defendants, Century Jets Aviation, LLC, 24th Century, Inc., Charles Sonson, and Regina Kelly, states as follows:

## PARTIES

1. Plaintiff, Alchemist Jet Air, LLC (hereinafter referred to as "Alchemist Jet"), is a Wisconsin Limited Liability Company with its principal place of business in Wadsworth, Illinois.

2. Plaintiff is informed and believes that Defendant, Century Jets Aviation, LLC (hereinafter referred to as "Century Jets"), is a Delaware Limited Liability Company with its principal place of business in Williamsburg, Virginia.

3. Plaintiff is informed and believes that Defendant, 24th Century, Inc. (hereinafter referred to as "24th Century"), is a Virginia corporation with its principal place of business in Gibsonia, Pennsylvania.

4. Defendant, Charles Sonson (hereinafter referred to as "Sonson") is an individual residing in Williamsburg, Virginia. Plaintiff is informed and believes that Sonson is a Managing Member of Century Jets, and he is listed as President of 24th Century.

5. Defendant, Regina Kelly (hereinafter referred to as "Kelly") is an individual residing in Gibsonia, Pennsylvania. Plaintiff is informed and believes that Kelly was employed as a Controller for 24th Century, Inc., and that she was also employed by Century Jets.

## JURISDICTION AND VENUE

6. Jurisdiction is proper in the United States District Court pursuant to 28 U.S.C. §1332(a) in that there is a diversity of citizenship and the amount in controversy is in excess of $75,000.00.

7. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §1391(a)(2) in that the contract between Alchemist Jet and Century Jets, from which this dispute arises, was entered into in Chicago, Illinois.

## FACTS

8. In July of 2007, Alchemist Jet purchased a Gulfstream II jet aircraft (hereinafter "the Aircraft"), Serial No. 214, which was registered with the Federal Aviation Administration ("FAA") as number N707KD. This was the first and only aircraft ever purchased by Alchemist Jet.

9. The Aircraft was refurbished by Alchemist during the course of August through October 2007, and in October 2007, Alchemist Jet began negotiations with Century Jets to enter into an agreement for the use and maintenance of the Aircraft.

2

10. During the course of negotiations, Sonson specifically represented to Ravinder Singh, agent for Alchemist Jet, (hereinafter referred to as "Singh") that Century Jets had its own maintenance facility, and that all maintenance on the Aircraft would be performed in-house.

11. On or about November 1, 2008 Sonson came to Chicago, Illinois to meet with Singh to present the Aviation Services Agreement (hereinafter referred to as "the Agreement"), which was signed by the parties at that time.

12. In relation to maintenance of the Aircraft, the Agreement provides, in pertinent part, as follows:

> 2.2 <u>Maintenance and Repair Costs</u>. Owner agrees that if Operator performs any maintenance or repairs to or for the Aircraft whether pursuant to Part 135 or Part 91, such work shall be billed at a shop rate of $75.00/Hr labor. Parts shall be obtained and paid for by Owner from Operator's existing FAA-approved supplier accounts. In the event an Operator-approved repair station performs any maintenance or repairs to or for the Aircraft whether pursuant to Part 135 or Part 91. Owner shall pay or arrange payment to the repair station directly. Operator shall not be responsible for the payment of any such work or repairs. Owners shall be responsible for **ALL** costs associated with the Aircraft including but not limited to Fuel Costs, Aircrew Salaries/Contract rates and Training costs, Aircraft insurance costs, costs for Aircraft hangarage and office, all maintenance expenses. Aircraft interior/exterior cleaning, consumables, Gulfstream Maintenance and Engine manuals, navigational charts, CAMPS/CMP and other subscriptions to support the Aircraft and standard loose equipment normally carried on-board the Aircraft.
>
> (a) Operator will provide Aviation Services as described in Section III.
> (b) Charges for all incidental trip expenses including aircrew per-diem, landing and parking fees, aircraft stock, handling fees and other miscellaneous trip expenses are the sole responsibility of Owner for both its Part 91 Operations and Operator for its Part 135 Operations.

3

   3.3 <u>Maintenance and Repairs</u>.  During the Term, Operator shall perform, or shall arrange the performance of, through an approved maintenance facility of the Certificate Holder, all maintenance and repairs to the Aircraft in accordance with the Certificate Holder's FAA-approved FAR Part 135 maintenance program, the operating and maintenance instructions furnished by the manufacturer, and in compliance with such ordinary and customary condition as may apply to aircraft of this type used in on-demand operations.  Operator shall perform maintenance and/or repairs to the Aircraft for an amount in excess of $5,000.00 only upon notice to and consent from Owner, or Owner's representative.

  13. Thereafter, in March of 2008, it was essential that the Aircraft undergo substantial scheduled maintenance.  Sonson represented to Singh that Century Jet's maintenance facility was in Van Nuys, California.  Accordingly, Singh instructed his pilot to fly the Aircraft to California with Singh on board, and Singh met with Sonson in California on or about March 22, 2008.  The Aircraft was left in California for the scheduled maintenance procedures.

  14. Subsequently, Singh approved a Purchase Order received from 24th Century for labor, parts, travel costs, and incidental expenses for the scheduled maintenance procedures totaling $86,800.00.

  15. During the course of performing the scheduled maintenance procedures, unanticipated maintenance problems were encountered which caused labor costs to increase significantly, along with some additional miscellaneous expenses.  Thus, Alchemist Jet was billed $98,168.86 by 24th Century for the scheduled maintenance procedures.

  16. In addition, Alchemist Jet was billed the following sums for maintenance related expenses incurred in April 2008:

   $35,516.33 for two axles for the Aircraft

   $19,228.32 for cowling delamination

   $3,192.25 additional labor

4

   $325.15  Federal Express charges

  $55,262.05

17. Alchemist Jet paid Century Jets and/or 24th Century a total of $153,200.86 for the scheduled maintenance for the Aircraft in April 2008, and 24th Century informed Singh that they would not bill the net owed of $230.05.

18. As stated in Para. 3.3 of the Agreement, Century Jets was obligated to perform, or arrange for the performance of, all required maintenance. Thus, on or about May 2, 2008, when the pilots retrieved the Aircraft from Van Nuys for a charter flight to London, England, it was Alchemist Jet's understanding that all required maintenance was completed, and that the Aircraft was airworthy, safe and legal to fly.

19. After the charter flight to London, England was completed, the Aircraft was taken to New Delhi, India.

20. Later, in late August of 2008, Alchemist Jet learned that certain maintenance required for the Aircraft in April 2008 was never completed, and the Aircraft has now been grounded until the maintenance and repairs are completed and logged. The Aircraft cannot be legally, or safely, flown without completion of the maintenance and the Aircraft now sits unused in a hangar in New Delhi, India.

21. Alchemist Jet also discovered that, unbeknownst to Alchemist Jet, the maintenance which was supposedly done by Century Jets and/or 24th Century, was actually performed by a company called Jet Tech, Ltd. in Thousand Oaks, California. Jet Tech billed 24th Century for labor, parts and expenses in the amount of $61,689.73, for which 24th Century billed Alchemist Jet $101,361.11.

22. Neither Century Jets or 24th Century ever informed Alchemist Jet that the repairs and maintenance were being performed by Jet Tech, nor did they inform Alchemist Jet that they was marking up the bills by $39,671.38, or more than 60%.

23. Alchemist Jet was also recently informed that a company by the name of Western Jet Aviation located in Van Nuys, California recorded a lien against the Aircraft in the amount of $19,228.32 for delamination of the right and left engine cowlings.

24. However, 24th Century charged Alchemist Jet, and Alchemist Jet paid to 24th Century, the sum of $21,032.00 for the delamination work on the cowlings, and 24th Century credited Alchemist Jet the sum of $1,083.68 purportedly based upon the final invoice from Western Jet. 24th Century never paid Western Jet for the services rendered.

**Count I – Fraud**
**(Charles Sonson, Century Jets)**

25. Plaintiff realleges Paragraphs 1 through 24 of its Complaint as if more fully set forth herein.

26. Sonson's representation that Century Jets had its own maintenance facility, and that all maintenance would be performed in-house unless otherwise disclosed, and his failure to disclose that Jet Tech was actually performing the maintenance on the Aircraft, and that Sonson's company was marking up the bills 60% over and above the sums Jet Tech actually charged 24th Century, constitute fraudulent representations and omissions of material fact.

27. Sonson knew that the aforementioned misrepresentations were false when made and his failure to disclose material facts as aforementioned was misleading.

28. Sonson's misrepresentations and omissions of material facts were intended to induce Alchemist Jet to pay 60% more than it would be required to pay directly to Jet Tech if Alchemist Jet knew that Jet Tech was performing the maintenance and repair procedures.

6

29. Given the terms of the Agreement, it was reasonable for Alchemist Jet to rely on Sonson's representations and to believe that there was full disclosure of material facts.

30. As a result of Sonson's misrepresentations and failure to disclose material facts, Alchemist Jet was damaged in the amount of $39,671.38.

WHEREFORE, Plaintiff, Alchemist Jet, LLC, respectfully requests that this Honorable Court enter judgment in its favor and against Defendants, Charles Sonson and Century Jets Aviation, LLC, jointly and severally, in the amount of $39,671.38 together with punitive damages in the amount of $120,000.00, costs of suit and such other and further relief as the Court deems appropriate.

**Count II – Fraud**
**(Regina Kelly, 24th Century)**

31. Plaintiff realleges Paragraphs 1 through 24 of the Complaint as if more fully set forth herein.

32. Kelly, as Controller of 24th Century, prepared a Purchase Order dated March 25, 2008, for approval by Alchemist Jet for $86,800.00 for labor, parts, travel costs and miscellaneous expenses for scheduled maintenance on the Aircraft. Nowhere on the Purchase Order does it indicate, nor did Kelly ever disclose that, it was actually Jet Tech that would be performing the scheduled maintenance.

33. Kelly never informed Alchemist Jet that she had an invoice from Jet Tech for the scheduled maintenance services performed on the Aircraft in the amount of only $58,497.48.

34. In an email transmitted on April 28, 2008 by Kelly to Singh at Alchemist Jet, Kelly provided a purported accounting of funds required by 24th Century to complete the work on the Aircraft. This email acknowledged the original invoice of $86,800.00 (even though the invoice from Jet Tech to 24th Century was only $58,497.48). The email stated that Parts cost

7

Case 1:09-cv-07659-GBD-KNF Document 1 Filed 09/02/09 Page 8 of 12
Case 1:08-cv-05386 Document 1 Filed 09/19/2008 Page 8 of 12

$3,945.83 (even though Jet Tech charged only $2,016.66 for those same parts, which was included in the Jet Tech invoice), that Outside Labor cost $475.00 (even thought that expense was included in the Jet Tech invoice), Expendables cost $3,686.03 (even though Jet Tech charged only $1,520.82 for those same Expendables, which was also included in the Jet Tech invoice), and Labor cost $78,695.00 (even though Jet Tech charged only $54,485.00 for those same Labor costs, which was included in the Jet Tech invoice).

35. Thus, Kelly misrepresented to Alchemist Jet the total cost of maintenance for the Aircraft.

36. In that same April 28th email, Kelly also charged Alchemist Jet an additional $8,032.00, after acknowledging the previous receipt of $13,000.00 from Alchemist Jet, for the necessary cowling work by third party Western Jet. Kelly stated that this payment would enable her to get the cowlings released by Western Jet for installation on the Aircraft.

37. 24th Century, however, never paid Western Jet for the delamination of the engine cowlings, and had either already secured the release of the cowlings when she sent the email on April 28th, or obtained release of the cowlings shortly thereafter, without paying for the services rendered by Western Jet.

38. Kelly knew, or should have known, that the aforementioned misrepresentations were false when made, and her failure to disclose material facts as set forth above was misleading.

39. Kelly's misrepresentations and omissions of material facts were intended to induce Alchemist Jet to pay almost $40,000.00 in unjustifiable overcharges, and to pay almost $20,000.00 for work that was not performed by 24th Century.

40. Given the terms of the Agreement, it was reasonable for Alchemist Jet to rely on Kelly's representations and to believe that there was full disclosure of material facts.

41. As a result of Kelly's misrepresentations and failure to disclose material facts, Alchemist Jet has been damaged in the amount of $39,671.38 for unjustifiable overcharges, and the $19,228.32 which was paid to 24th Century but never paid by 24th Century to Western Jet, for which Western Jet now claims a lien on the Aircraft, for a total sum of $58,899.70.

WHEREFORE, Plaintiff, Alchemist Jet, respectfully requests that this Honorable Court enter judgment in its favor and against Defendants, Regina Kelly and 24th Century, Inc., jointly and severally, in the amount of $58,899.70, together with punitive damages of $180,000.00, cost of suit, and such other and further relief as the Court deems appropriate.

**Count III – Breach of Fiduciary Duty**
**(Charles Sonson and Century Jets)**

42. Plaintiff realleges Paragraphs 1 through 30 of the Complaint as if more fully set forth herein.

43. Prior to purchasing the Aircraft and entering into the Agreement with Century Jets, Alchemist Jet had never owned, or had any experience with owning and operating, a jet aircraft or any aircraft at all, and Century Jets was so informed during the course of negotiations.

44. During the course of negotiations, Sonson of Century Jets represented to Singh of Alchemist Jet, that Century Jets had substantial experience and they could be relied upon to maintain the airworthiness of the Aircraft, and to perform the obligations set forth in Part III of the Agreement, and specifically Paragraph 3.3.

45. Pursuant to the terms of the Agreement, Century Jets was the agent for Alchemist Jet for the proper functioning and operation of the Aircraft, and Alchemist Jet placed its total trust and confidence in Century Jets and gave Century Jets almost total control of, and access to, the Aircraft.

9

46. Century Jet breached its fiduciary duty to Alchemist Jet by misrepresenting the costs to maintain the Aircraft, by grossly overcharging Alchemist Jet for maintenance of the Aircraft, by charging Alchemist Jet for services performed on the Aircraft by a third party which was never paid to the third party, and by failing to complete necessary scheduled maintenance on the Aircraft in a timely manner.

47. As a result, Alchemist Jet has been damaged in the amount of at least $58,899.70 in unwarranted overcharges, a lien has been recorded by Western Jet against the Aircraft for the failure by 24th Century to pay for services rendered, a qualified technician must fly to New Delhi, India, to perform the necessary maintenance to clear the Aircraft for flight, and Alchemist Jet has been unable to use the Aircraft since late August 2008.

WHEREFORE, Plaintiff, Alchemist Jet, respectfully requests that this Honorable Court enter judgment in its favor and against Defendants, Charles Sonson and Century Jets Aviation, LLC, jointly and severally, in the amount of $58,899.70, together with such additional damages as are proved at trial and punitive damages of at least $180,000.00, costs of suit, and such other and further relief as the Court deems appropriate.

**Count IV – Civil Conspiracy**

48. Plaintiff realleges Paragraphs 1 through 41 of the Complaint as if more fully set forth herein.

49. Sonson, Century Jets, Kelly, and 24th Century engaged in a common scheme to defraud Alchemist Jet by conspiring to misrepresent the costs to maintain the Aircraft, to overcharge Alchemist Jet for maintenance of the Aircraft, to charge Alchemist Jet for services performed on the Aircraft by a third party but knowingly failing to pay the third party, and to knowingly fail to complete necessary scheduled maintenance on the Aircraft in a timely manner.

50. As a result, Alchemist Jet has been damaged in the amount of at least $58,899.70 in unwarranted overcharges, a lien has been recorded by Western Jet against the Aircraft for the failure by 24th Century to pay for services rendered, a qualified technician must fly to New Delhi, India, to perform the necessary maintenance to clear the Aircraft for flight, and Alchemist Jet has been unable to use the Aircraft since late August 2008.

WHEREFORE, Plaintiff, Alchemist Jet, respectfully requests that this Honorable Court enter judgment in its favor and against Defendants, Charles Sonson, Regina Kelly, Century Jets Aviation, LLC and 24th Century, Inc., jointly and severally, in the amount of $58,899.70, together with such additional damages as are proved at trial and punitive damages of at least $180,000.00, costs of suit, and such other and further relief as the Court deems appropriate.

**Count V – Breach of Contract**

51. Plaintiff realleges Paragraph 1 through 24 of its Complaint as if more fully set forth herein.

52. Alchemist Jet has fully performed its obligations as set forth in the Agreement.

53. Century Jet breached the Agreement by failing to:

    a. comply with the requirements of law for operation of the Aircraft;

    b. keep complete and accurate books, records, Aircraft logs and accounts;

    c. perform all maintenance and repairs to Aircraft;

    d. exercise its best efforts to charter the Aircraft; and

    e. properly account for all income and expenses related to the Aircraft.

54. When Alchemist Jet discovered the fraudulent billing practices of Century Jets and the knowing failure by Century Jets to properly maintain the Aircraft, Alchemist Jet terminated the Agreement.

11

55. As a result, Alchemist Jet has been damaged in the amount of at least $58,899.70 in unwarranted overcharges, a lien has been recorded by Western Jet against the Aircraft for the failure by Century Jets to pay for services rendered, a qualified technician must fly to New Delhi, India, to perform the necessary maintenance to clear the Aircraft for flight, and Alchemist Jet has been unable to use the Aircraft since late August 2008.

WHEREFORE, Plaintiff, Alchemist Jet, respectfully requests that this Honorable Court enter judgment in its favor and against Defendant, Century Jets Aviation, LLC, in the amount of $58,899.70, together with such additional damages as are proved at trial, costs of suit, and such other and further relief as the Court deems appropriate.

                                          Respectfully submitted,

                                          /s/Paul H. Scheuerlein
                                          One of the attorneys for Plaintiff

Paul H. Scheuerlein (ARDC # 6188425)
Peter A. Gaido (ARDC # 6201144)
Gaido & Fintzen
30 North LaSalle Street, Suite 3010
Chicago, IL 60602
312-346-7855